■ DOROTHY T. FALES et al., Respondents, v. EDWARD S. WITKOWSKI et al., Apellants, et al., Defendants.— Order entered November 7, 1969, which on reargument supplanted order entered September 26, 1969, unanimously modified on the law and the facts and in the exercise of discretion, with costs to defendants-appellants, so as to grant defendants-appellants' motion to preclude plaintiffs-respondents unless plaintiffs-respondents shall serve a bill of particulars in accordance with the demand within 20 days after service of a copy of the order to be entered hereon and shall pay to defendants-appellants $100 costs of the motion in addition to costs and disbursements of this appeal, and the order of November 7, 1969, further modified to strike therefrom the dates therein set forth for examination of certain named defendants, substituting therefor a date approximately 20 days after the time limited herein for the service of such bill of particulars, to be fixed in the order to be entered hereon, and otherwise affirmed. Upon failure of plaintiffs to serve a bill of particulars and to comply with the other conditions as to costs, an order may be entered ex parte uncondtionally precluding plaintiffs. While the court at Special Term was mistaken in the belief that plaintiffs' bill had actually been served and therefore denied preclusion, and while that error was compounded by another error in the published version of the earlier order, it shoud not have been made necessary for defendants-appellants to seek preclusion at all. The bill had been ordered in February, 1969, and that order affirmed here on appeal, and permission to appeal to the Court of Appeals denied. In the interval, there had been an unkept promise to serve the bill, and unsuccessful application for a stay. Dilatory tactics of this sort may not be overlooked, and consequently additional terms have been imposed for extending the time to serve the bill of particulars. Concur — Stevens, P. J., Tilzer, McGivern, Markewich and Nunez, JJ.